David E. De Lorenzi
Charles H. Chevalier
Caitlyn Coyle
FBT GIBBONS LLP
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
ddelorenzi@fbtgibbons.com
cchevalier@fbtgibbons.com
ccoyle@fbtgibbons.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner
Abigail Struthers
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

PHARMACOSMOS A/S;
PHARMACOSMOS HOLDING A/S; and
PHARMACOSMOS THERAPEUTICS INC.,

Plaintiffs,

v.

DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,

Defendants.

Case No. 26-14266

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST DRL**

Plaintiffs Pharmacosmos A/S, Pharmacosmos Holding A/S, and Pharmacosmos Therapeutics Inc. (collectively, "Pharmacosmos" or "Plaintiffs"), for their Complaint against Defendants Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") and Dr. Reddy's Laboratories, Inc. ("DRL Inc.") (collectively, "DRL" or "Defendants"), hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement and declaratory judgment of infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.*, and in particular under 35 U.S.C §§ 271 (a–c, e), and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This action relates to the Abbreviated New Drug Application No. 220230 ("DRL's ANDA") filed or caused to be filed by DRL with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Pharmacosmos' COSELA®, (trilaciclib) for injection, intravenous drug product. Through DRL's ANDA, DRL seeks approval to market a generic version of the pharmaceutical product COSELA® (trilaciclib) prior to the expiration of United States Patent No. 12,497,404 (the "'404 patent"). A true and correct copy of the '404 patent is attached as Exhibit A. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

**THE PARTIES**

2. Plaintiff Pharmacosmos Holding A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holdback, Denmark.

3. Plaintiff Pharmacosmos A/S is a corporation organized and existing under the laws of Denmark and has a principal place of business at Roervangsvej 30, DK-4300 Holbaek, Denmark. Pharmacosmos A/S is a wholly-owned subsidiary of Pharmacosmos Holding A/S.

4. Plaintiff Pharmacosmos Therapeutics Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 120 Headquarters Plaza, East Tower, 6th Floor, Morristown, New Jersey 07960. Pharmacosmos Therapeutics Inc. is a wholly-owned subsidiary of Pharmacosmos A/S.

5. On information and belief, Defendant DRL Ltd. is a corporation organized and existing under the laws of India and has a principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India. *See, e.g., Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 11 at ¶ 5.

6. On information and belief, DRL Ltd., directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

7. DRL Ltd.'s Integrated Annual Report for 2023-24 states that its United States "revenues (excluding other operating income) … based on the location of the customers" for the year ended March 31, 2024 was 135,565 million Indian Rupees (approximately 1.59 billion U.S. dollars as of April 21, 2025), approximately 48.5% of its total global revenues. DRL Ltd. Integrated Annual Report 2023-24, p. 374 (Exhibit B); *see also*, DRL Ltd. Form 20-F for 2024, p. 151 (Exhibit C).

8. On information and belief, Defendant DRL Inc. is a corporation organized and existing under the laws of the State of New Jersey and has a principal place of business in New

Jersey at 600 College Road East, Princeton, New Jersey, 08540. *See, e.g.*, *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.), ECF No. 63 at ¶ 5; *Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.), ECF No. 9 at ¶ 3; *Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 11 at ¶ 8.

9. On information and belief, DRL Inc. is a wholly-owned subsidiary of DRL Ltd. *See, e.g.*, DRL Ltd. Integrated Annual Report 2023-24, pp. 94, 375; DRL Ltd. Form 20-F for 2024, pp. 40, 205; *see also*, *Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 12.

10. On information and belief, DRL Inc. is registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100518911.

11. On information and belief, DRL Inc. is registered with New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5002312.

12. On information and belief, DRL Inc. develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

13. On information and belief, DRL Inc. and DRL Ltd. prepared and submitted DRL's ANDA and continue to collaborate in seeking FDA approval of that application. *See* DRL Paragraph IV Notice Letter, pp. 1-2.

14. On information and belief, DRL Inc. and DRL Ltd. intend to commercially manufacture, market, offer for sale, and sell the product described in DRL's ANDA ("DRL's ANDA Product") throughout the United States, including in the State of New Jersey, in the event the FDA approves DRL's ANDA.

## JURISDICTION AND VENUE

15. This is a civil action for infringement of the '404 patent and for declaratory judgment of infringement of the '404 patent. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and/or 35 U.S.C. § 271.

17. Venue is proper in this Court as to Defendant DRL Ltd. under 28 U.S.C. § 1391(c)(3) because DRL Ltd. is a foreign corporation and may be sued in any judicial district in the United States where DRL Ltd. is subject to the court's personal jurisdiction. For reasons set forth below, DRL Ltd. is subject to personal jurisdiction in this district.

18. In addition, this Court has personal jurisdiction over DRL Ltd., and venue is proper as to DRL Ltd., at least because upon information and belief DRL Ltd.: (1) directs and/or controls DRL Inc., which has a principal place of business and business addresses in New Jersey; (2) along with DRL Inc., submitted DRL's ANDA in New Jersey and served DRL's Paragraph IV Notice Letter; (3) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiaries, agents, and/or alter egos; (4) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey; (5) on information and belief, derives substantial revenue from the sale of its products in New Jersey; and (6) on information and belief, intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute DRL's ANDA Product for which it seeks approval under DRL's ANDA, including throughout New Jersey.

19. This Court has personal jurisdiction over DRL Ltd. for at least the additional reason that it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.); *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.); *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, No. 3:24-cv-06833 (D.N.J.); *Eisai R&D Mgmt. Co., Ltd. v. Dr. Reddy's Lab'ys, Inc.*, No. 24-cv-06765 (D.N.J.); *Esperion Therapeutics, Inc. v. Dr. Reddy's Lab'ys Inc.*, No. 2:24-cv-06391 (D.N.J); *Novo Nordisk Inc. v. Dr. Reddy's Lab'ys, Ltd.*, No. 1:23-cv-22112 (D.N.J.); *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:21-cv-02111 (D.N.J.); *Mitsubishi Tanabe Pharma Corp. v. Dr. Reddy's Lab'ys, Inc.*, No. 3:19-cv-18764 (D.N.J.); *AstraZeneca LP v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:19-cv-15739 (D.N.J.); *Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 11 at ¶ 19.

20. DRL Ltd. has further availed itself to the jurisdiction of New Jersey by initiating litigation in this Judicial District. *See, e.g., Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 1:18-cv-16057 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 3:15-cv-08128 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Purdue Pharm. Prods. L.P.*, No. 2:14-cv-03230 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Eli Lilly & Co.*, No. 3:09-cv-00192 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Astrazeneca AB*, No. 3:08-cv-02496 (D.N.J.); *Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 11 at ¶ 20.

21. Alternatively, this Court may exercise jurisdiction over DRL Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Pharmacosmos' claims arise under federal law; (2) DRL Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) DRL Ltd. has sufficient contacts with the United States as a whole, including but not

limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over DRL Ltd. satisfies due process.

22. Venue is proper in this Court as to DRL Inc. under 28 U.S.C. § 1400(b) because DRL Inc. resides in New Jersey, has committed acts of infringement in New Jersey, and has a regular and established place of business in this Judicial District. DRL sent its DRL's Paragraph IV Notice Letter, which indicated that DRL Inc. and DRL Ltd. submitted DRL's ANDA in New Jersey. DRL Paragraph IV Notice Letter at pp. 1-2.

23. In addition, this Court has personal jurisdiction over DRL Inc., and venue is proper as to DRL Inc., because on information and belief, DRL Inc.: (1) submitted DRL's ANDA with DRL Ltd. and served DRL's Paragraph IV Notice Letter on behalf of itself and DRL Ltd.in New Jersey; (2) has a principal place of business and business addresses in New Jersey; (3) has employees in the places of business that it maintains in New Jersey; (4) has customers in the state of New Jersey; (5) has purposely availed itself of the privilege of doing business in New Jersey, including securing a New Jersey wholesale drug distributor's license (Registration No. 5002312) and New Jersey Business Entity identification number (Registration No. 0100518911); (6) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in New Jersey; (7) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical products in New Jersey; (8) directly or indirectly maintains pervasive, continuous, and systematic contacts with New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in New Jersey; (9) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey; and (10) on information and belief,

intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute DRL's ANDA Product in New Jersey.

24. This Court has personal jurisdiction over DRL Inc. at least because it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Impax Lab'ys, LLC v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:24-cv-07875 (D.N.J.); *In Re Selenious Acid Litig.*, No. 2:24-cv-07791 (D.N.J.); *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, No. 3:24-cv-06833 (D.N.J.); *Eisai R&D Mgmt. Co., Ltd. et al. v. Dr. Reddy's Lab'ys, Inc.*, No. 24-cv-06765 (D.N.J.); *Esperion Therapeutics, Inc. v. Dr. Reddy's Lab'ys Inc.*, No. 2:24-cv-06391 (D.N.J); *Novo Nordisk Inc. v. Dr. Reddy's Lab'ys, Ltd.*, No. 1:23-cv-22112 (D.N.J.); *Celgene Corp. v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:21-cv-02111 (D.N.J.); *Mitsubishi Tanabe Pharma Corp. v. Dr. Reddy's Lab'ys, Inc.*, No. 3:19-cv-18764 (D.N.J.); *AstraZeneca LP v. Dr. Reddy's Lab'ys, Ltd.*, No. 2:19-cv-15739 (D.N.J.); *Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 11 at ¶ 24.

25. DRL Inc. has further availed itself of the jurisdiction of this Judicial District by previously initiating litigation in this Judicial District. *See, e.g.*, *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 1:18-cv-16057 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Astrazeneca AB*, No. 3:15-cv-08128 (D.N.J.); *Dr. Reddy's Lab'ys, Inc. v. Purdue Pharm. Prods. L.P.*, No. 2:14-cv-03230 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Eli Lilly & Co.*, No. 3:09-cv-00192 (D.N.J.); *Dr. Reddy's Lab'ys, Ltd. v. Astrazeneca AB*, No. 3:08-cv-02496 (D.N.J.); *Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 11 at ¶ 25.

26. On information and belief, DRL Ltd. and DRL Inc. are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to DRL's ANDA Product.

27. On information and belief, DRL Ltd. and DRL Inc. are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to DRL's ANDA Product.

28. On information and belief, DRL Ltd. and DRL Inc. filed or caused to be filed DRL's ANDA with the FDA. *See* DRL Paragraph IV Notice Letter at pp. 1-2.

29. On information and belief, DRL Ltd. and DRL Inc. submitted DRL's ANDA in New Jersey, based on work performed in New Jersey in support of DRL's ANDA filing. On information and belief, this work, including but not limited to providing details on bioequivalence testing, manufacturing processes and quality control measures, and communicating with the FDA concerning the ANDA submission, was performed by DRL Ltd. and DRL Inc., and comprises part of DRL's ANDA submission.

30. On information and belief, DRL Ltd. and DRL Inc. taking actions which, among other things, led to the filing of DRL's ANDA and its maintaining of distribution channels, including in New Jersey, establish that DRL will commercially manufacture, use, offer to sell, sell, and/or import DRL's ANDA Product throughout the United States, including in New Jersey, if granted approval.

31. DRL's agent, on behalf of DRL Ltd. and DRL Inc., sent Pharmacosmos a letter dated March 24, 2025 ("DRL's Paragraph IV Notice Letter") providing notice that DRL's ANDA contains a certification with respect to certain patents listed in the *Orange Book* for COSELA®

under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), stating that DRL had filed DRL's ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its 300 mg base/vial generic trilaciclib product in the United States.

32. Pharmacosmos received DRL's Paragraph IV Notice Letter in New Jersey on March 25, 2025.

**PHARMACOSMOS'S APPROVED COSELA® AND THE PATENT-IN-SUIT**

33. Pharmacosmos A/S holds New Drug Application ("NDA") No. 214200, which the FDA approved on February 12, 2021. The FDA also granted five years of regulatory exclusivity for a new chemical entity pursuant to 21 C.F.R. § 314.108, which expired on February 12, 2026. Pharmacosmos markets and sells intravenous products that are the subject of NDA No. 214200 in the United States under the brand name "COSELA®."

34. The '404 patent was duly and legally issued by the USPTO on December 16, 2025, and is titled "Morphic Forms of Trilaciclib And Methods of Manufacture Thereof." A true and correct copy of the '404 patent is attached as Exhibit A. The '404 patent will expire on November 13, 2040.

35. Pharmacosmos Holding A/S is the assignee of the '404 patent.

36. Pharmacosmos Therapeutics Inc. holds an exclusive license under the '404 patent to commercialize COSELA® in the United States.

**DRL'S ANDA, NOTICE LETTER, AND RELATED ACTION**

37. On information and belief, DRL submitted DRL's ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or

importation into the United States, of DRL's ANDA Product as a purported generic version of COSELA® prior to the expiration of the patents listed in the *Orange Book* for COSELA®. On information and belief, DRL's ANDA contains a Paragraph IV Certification with respect to certain patents listed in the *Orange Book* for COSELA®.

38. Pharmacosmos Therapeutics Inc. received DRL's Paragraph IV Notice Letter in New Jersey on March 25, 2025. In its Paragraph IV Notice Letter, DRL Inc. represented that DRL's ANDA included Paragraph IV Certifications with respect to certain patents listed in the *Orange Book* for COSELA® including, *inter alia*, United States Patent No. 12,168,666 (the '666 patent). The '404 patent is a continuation of the application that issued as the '666 patent, and shares the same expiration date as the '666 patent. DRL's Paragraph IV Notice Letter represented that DRL Inc. is seeking approval to engage in the commercial manufacture, use, or sale of DRL's ANDA Product prior to the expiration of patents listed in the *Orange Book* for COSELA®, including the '666 patent. According to DRL's Paragraph IV Notice Letter, DRL's ANDA Product contains trilaciclib.

39. On information and belief, FDA has not yet approved DRL's ANDA.

40. DRL's Paragraph IV Notice Letter purported to contain a "Detailed Statement for ANDA 220230" ("Detailed Statement").

41. Pharmacosmos brought suit against DRL (*Pharmacosmos A/S, et al. v. Dr. Reddy's Laboratories, Inc., et al.*, Civil Action No. 2:25-cv-03967-JXN-AME, ECF No. 1; consolidated with *Pharmacosmos A/S, et al. v. Teva Pharms., Inc., et al.*, Civil Action No. 2:25-cv-03218-JXN-AME, ECF No. 36 (the "Related Action")) within 45 days of the date of receipt of DRL's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii), asserting infringement of

Pharmacosmos's patents listed in the *Orange Book* for COSELA®. The related '666 patent, against which DRL submitted a Paragraph IV Certification, is asserted in the Related Action.

42. DRL's Detailed Statement alleged that one or more claims of the '666 patent will not be infringed by the commercial manufacture, use, or sale of DRL's ANDA Product. DRL's Detailed Statement did not allege that the '666 patent is invalid.

43. After Pharmacosmos received DRL's Paragraph IV Notice Letter and filed the Related Action, the '404 patent issued from the USPTO. *See supra* ¶¶ 41, 45.

44. On information and belief, DRL intends to seek permission from FDA to market DRL's ANDA Product prior to expiration of the '404 patent.

45. On information and belief, DRL's ANDA Product contains crystalline trilaciclib dihydrochloride characterized by an X-ray powder diffraction pattern comprising the specified peaks recited in one or more claims of the '404 patent.

46. In correspondence dated October 9, 2026, Plaintiffs requested DRL's consent to amend Plaintiffs' complaint in the Related Action to add claims against DRL for infringement of the '404 patent. DRL responded on October 30, 2026, refusing to consent to amendment unless Plaintiffs agreed to a list of conditions including, *inter alia*, that Plaintiffs agree to dismiss their infringement claims against DRL on multiple unrelated and related patents that are being asserted in the Related Action. These conditions were unacceptable to Plaintiffs. In correspondence dated October 14, 2026, Plaintiffs requested DRL's consent to access DRL's ANDA Product samples and associated data from the Related Action, in order to further assess whether DRL's ANDA Product meets every limitation of one or more claims of the '404 patent for purposes of filing the present Complaint. As of the date of the filing of this Complaint, DRL has not responded to Plaintiffs' request, thereby depriving Plaintiffs of its ability to further analyze DRL's ANDA

Product. Accordingly, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that DRL's ANDA filing and ANDA Product have infringed and will infringe one or more claims of the '404 patent.

47. On information and belief, DRL Inc. and DRL Ltd. have participated in the preparation and submission of DRL's ANDA, have provided material support to the preparation and submission of DRL's ANDA, and intend to support the further prosecution of DRL's ANDA.

48. On information and belief, if the FDA approves DRL's ANDA, DRL will manufacture, use, offer for sale, or sell DRL's ANDA Product within the United States, including within New Jersey, or will import DRL's ANDA Product into the United States, including New Jersey.

49. On information and belief, if the FDA approves DRL's ANDA, DRL will actively induce or contribute to the manufacture, use, offer for sale, sale or importation of DRL's ANDA Product.

**COUNT I**

**<u>INFRINGEMENT OF THE '404 PATENT BY DRL</u>**

50. The allegations of paragraphs 1-49 above are repeated and re-alleged as if set forth fully herein.

51. On information and belief, DRL has submitted or caused the submission of DRL's ANDA to the FDA, and continues to seek FDA approval of DRL's ANDA.

52. On information and belief, DRL seeks FDA approval to engage in the commercial manufacture, use, sale, offer for sale and/or importation of DRL's ANDA Product before the expiration of the '404 patent.

53. DRL has infringed the ’404 patent under 35 U.S.C. § 271(e)(2)(A) by submitting DRL’s ANDA and seeking FDA approval of DRL’s ANDA prior to the expiration of the ’404 patent.

54. DRL Inc. and DRL Ltd. are jointly and severally liable for any infringement of the ’404 patent because, on information and belief, DRL Inc. and DRL Ltd. actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of DRL’s ANDA to the FDA.

55. On information and belief, DRL’s ANDA Product will infringe one or one or more claims of the ’404 patent.

56. As an example, claim 1 of the ’404 patent recites:

A crystalline compound of structure:




which is a dihydrochloride characterized by an X-ray powder diffraction (XRPD) pattern comprising at least three 2theta values selected from 8.1±0.2°, 14.8±0.2°, 16.5±0.2°, 18.1±0.2°, 19.7±0.2°, 24.8±0.2°, and 27.7±0.2°.

57. On information and belief, DRL’s ANDA Product will contain crystalline trilaciclib dihydrochloride that meets all the limitations of at least claim 1 of the ’404 patent.

58. On information and belief, if DRL’s ANDA is approved, DRL and its affiliates will immediately make, use, sell, offer for sale, import or otherwise distribute DRL’s ANDA

Product in the United States, including in New Jersey, thereby directly infringing one or more claims of the ’404 patent.

59. DRL’s commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of DRL’s ANDA Product will actively induce and/or contribute to the infringement of the ’404 patent.

60. Unless enjoined by this Court, upon approval of DRL’s ANDA, DRL will make, use, offer to sell, or sell DRL’s ANDA Product within the United States, or will import DRL’s ANDA Product into the United States, and will thereby infringe, contribute to the infringement, and/or induce the infringement of one or more claims of the ’404 patent.

61. On information and belief, DRL has actual and constructive notice of the ’404 patent at least because the ’404 patent is in the same patent family as the Orange Book-listed ’666 patent against which DRL filed its Paragraph IV Certification, and DRL is aware that maintaining the filing of DRL’s ANDA with the request for FDA approval prior to the expiration of the ’404 patent would constitute an act of infringement of the ’404 patent. DRL has acted with actual or constructive knowledge of the ’404 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’404 patent; active inducement of infringement of the ’404 patent; and/or contribution to the infringement by others of the ’404 patent.

62. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the ’404 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

63. The submission of DRL's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of DRL's ANDA Product before the expiration of the '404 patent also entitles Pharmacosmos to fees under 35 U.S.C. § 271(e)(4) and § 285.

**COUNT II**

**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '404 PATENT**

64. The allegations of paragraphs 1-63 above are repeated and re-alleged as if set forth fully herein.

65. Pharmacosmos' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

66. There is a real, substantial, and continuing justiciable controversy between Pharmacosmos and DRL concerning liability for the infringement of the '404 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

67. The Court should declare that DRL's manufacture, use, offer for sale, or sale of DRL's ANDA Product in the United States, or importation into the United States, prior to the expiration of the '404 patent will infringe one or more claims of the '404 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

68. Pharmacosmos will be irreparably harmed if DRL is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '404 patent. Pharmacosmos does not have an adequate remedy at law, and considering the balance of hardships between Pharmacosmos and DRL, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

69. This case is exceptional, and Pharmacosmos is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Pharmacosmos requests that the Court grant the following relief:

A. A judgement that DRL infringes and has infringed the ’404 patent under 35 U.S.C. § 271(e)(2)(A);

B. A declaratory judgment that DRL’s manufacture, use, offer for sale, or sale of DRL’s ANDA Product in the United States, or importation into the United States prior to the expiration of the ’404 patent will infringe one or more claims of the ’404 patent under 35 U.S.C. §§ 271(a), (b) and/or (c);

C. A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining DRL, their affiliates and subsidiaries, and all persons or entities acting in concert with DRL from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the ’404 patent by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including DRL’s ANDA Product described in ANDA No. 220230;

D. An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of DRL’s ANDA No. 220230 be a date that is not earlier than the expiration date of the ’404 patent, or any later expiration of any patent term extension or exclusivity for the ’404 patent to which Pharmacosmos is or becomes entitled;

E. An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent DRL commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the ’404 patent within the United States prior to the expiration of the ’404 patent, including any later expiration of any patent term extension or exclusivity for the patents to which

Pharmacosmos is or becomes entitled, and that any such monetary relief be awarded to Pharmacosmos with prejudgment interest;

F. The entry of judgment declaring that DRL's acts render this case an exceptional case, and awarding Pharmacosmos their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

G. An award of Pharmacosmos' costs and expenses in this action; and

H. Such other and further relief as the Court may deem just and proper.

DATED: November 2, 2026

OF COUNSEL:

ARNOLD & PORTER KAYE SCHOLER LLP
Daniel L. Reisner
Abigail Struthers
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
daniel.reisner@arnoldporter.com
abigail.struthers@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
Jeremy Cobb
601 Massachusetts Ave,
NW Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

ARNOLD & PORTER KAYE SCHOLER LLP
David Denuyl
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, California 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*

By: *s/Charles H. Chevalier*
David E. De Lorenzi
Charles H. Chevalier
Caitlyn Coyle
FBT GIBBONS LLP
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
ddelorenzi@fbtgibbons.com
cchevalier@fbtgibbons.com
ccoyle@fbtgibbons.com

*Attorneys for Plaintiffs*
*Pharmacosmos A/S*
*Pharmacosmos Holding A/S*
*Pharmacosmos Therapeutics Inc.*